UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

DONALD BLAKSTAD,

          Defendant.

**OPINION & ORDER**

19 Cr. 486 (ER)

RAMOS, D.J.:

    Donald Blakstad moves to modify his bail package to remove the $20,000 cash security for a $250,000 personal recognizance bond securing his appearance at trial. Doc. 75. His motion is GRANTED in part and DENIED in part for the following reasons. Additionally, on the consent of the parties, the Court adjourns Blakstad's November 2, 2020, trial *sine die* due to the ongoing COVID-19 pandemic.

## I.    BACKGROUND

    On July 1, 2019, Donald Blakstad was charged by indictment with securities and wire fraud violations. Doc. 2. He was arrested in San Diego in the Southern District of California on July 10, 2019. His current bail package — agreed to by Blakstad and the Government — was set by the Magistrate Judge Debra C. Freeman on August 8, 2019 and includes a $250,000 personal recognizance bond secured by three financially responsible individuals and $20,000 in cash. Doc. 12. The bail package additionally restricted Blakstad's travel to the Southern District of California, the Southern and Eastern Districts of New York. *Id.* On November 18, 2019, the Court modified Blakstad's conditions of release to include travel to all of the state of California for business and to the state of Nevada to visit his mother. Doc. 25.

    Blakstad provided three individuals to secure his bond: Constantine Buzinus, Randall Steininger and Robert Knutson — each an attorney. Doc. 75 at 2. According to Blakstad's counsel, all three men have close relationships with Blakstad, with Buzinus

and Steininger having known the defendant for over twenty years and Knutson having known him for over forty years. *Id.* The U.S. Attorney's Office for the Southern District of New York approved each of these suretors. Doc. 13 at 2.

Since his arraignment, Blakstad has traveled from San Diego to Manhattan to appear at conference with this Court three times: on August 13, 2019 for his initial pretrial conference, on October 29, 2019 for a pretrial conference to discuss a modification of his conditions of release and potential pretrial motions, and on February 26, 2020 for a conference to discuss plans for trial. During this period, Pretrial Services has not reported any violations of his conditions of release to the Court.

On January 8, 2020, the Government filed a superseding indictment, which added additional securities and wire fraud charges. Doc. 60. Blakstad currently has a number of motions pending before the Court, including motions related to discovery, Docs. 48, 50, 54, 56, a motion to transfer venue, Doc. 52, and two motions to suppress, Docs. 70, 72. Although his trial is currently scheduled for November 2, 2020, the Court has separately received the consent of the parties to adjourn the trial *sine die* in light of the ongoing COVID-19 pandemic.

## II.   DISCUSSION

On August 13, 2020, Blakstad moved for a change in his conditions of release, specifically the removal of the $20,000 cash security from his personal recognizance bond. In support, Blakstad's attorney represents that Blakstad requires use of the funds "to pay for important, unexpected personal expenses, including home-care for his 92 year old mother, and ongoing legal fees related to his defense to the charges in the Indictment." Doc. 75 at 1. Blakstad did not submit any declarations or other evidence in support of his motion.

In setting conditions of release prior to trial, the Court must set "the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any

2

other person and the community." § 3142(c)(1). In making this determination, it must consider "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the person" — including his "record concerning appearance at court proceedings" — and the "nature and seriousness of the danger . . . that would be posed by the person's release." § 3142(g).

Given Blakstad's year-long adherence to his conditions of release and the long association between his suretors and him, the Court finds that imposing a $20,000 cash security is no longer necessary to assure Blakstad's appearance at trial. Instead, it will reduce Blakstad's cash security to $5,000. The Court finds that the combination of this personal security, along with the moral suasion provided by Blakstad's three guarantors will assure his appearance at trial and the safety of the community. *See, e.g.*, *United States v. Batista*, 163 F. Supp. 2d 222, 224 (S.D.N.Y. 2001) ("In addition to the requirement of financial responsibility, a defendant must show that the proposed suretors exercise moral suasion to ensure the defendant's presence at trial.").

In opposition, the Government provides three reasons for denying Blakstad's petition. *First*, it argues that there is no legal basis for modifying Blakstad's bail package at this time. But, per § 3142(c)(3), the Court may amend Blakstad's conditions at "any time," and the Court finds that his record of appearance at proceedings before this Court and compliance with the conditions of his release show a lower cash security will continue to guarantee his appearance.

*Second*, the Government argues that Blakstad will owe "millions of dollars in restitution to victims and forfeiture if he is convicted," and that the $20,000 cash security will be needed to satisfy those obligation should that event come to pass. The Government does not provide any support for the assertion that this concern should factor into the Court's consideration of the conditions of release, which are "intended as a catalyst to aid the appearance of the defendant when wanted." *Batista*, 163 F. Supp. 2d at 224 (internal citation and quotation marks omitted). In fact, the statutory provision

3

providing for the use of cash security in the satisfaction of restitution or other penalty only forbids the Court from liquidating any such security "after a plea or a verdict of the defendant's guilt." 28 U.S.C. § 2044. To the contrary, the statute governing the Court's consideration here explicitly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(g). The Government may attempt to seize any cash security only once it has obtained a conviction.

*Third*, the Government argues that the counts added in the January superseding indictment and the weight of the evidence against Blakstad counsel against eliminating any cash security. "That Blakstad has appeared for pretrial conferences to date," the Government further argues, "is a reason to maintain his existing bail conditions, not to reduce them." Doc. 75 at 2. As an initial matter, Blakstad's record of court appearances *is* a factor the Court must take into account when setting conditions of release. § 31242(g)(3)(A). Because the Court does, however, give the added counts in the indictment weight in its determination, and because the Court does not find that Blakstad's compliance should absolve him of all personal risk in the case he does not appear for trial, the Court will reduce, but not eliminate, his cash security.

### III. CONCLUSION

For the foregoing reasons, Blakstad's motion is GRANTED in part and DENIED in part. It is ORDERED that Blakstad's conditions of release be modified as follows: his $250,000 personal recognizance bond is to be secured by $5,000 in cash and the surety of the three financially responsible individuals previously identified on August 8, 2019. Furthermore, on consent of the parties and due to the impact of the COVID-19 pandemic on court operations, the Clerk of Court is directed to adjourn *sine die* Blakstad's trial scheduled for November 2, 2020. The parties are directed to submit a

4

joint status report by October 19, 2020.  The Clerk is further directed to terminate the motion, Doc. 75.

It is SO ORDERED.

Dated:   August 19, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.