**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

June 6, 2021

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Defendant is instructed to respond to this letter and the Government's letter at Doc. 100 by June 9, 2021 at 12:00 pm. E.T. It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 6/7/2021
> New York, New York

Re:     **United States v. Donald Blakstad**, S1 19 Cr. 486 (ER)

Dear Judge Ramos:

The Government respectfully moves *in limine* to require defendant Donald Blakstad to disclose and make a detailed factual proffer of any anticipated trial evidence he intends to offer of interactions or communications with lawyers or work performed by lawyers.

In recent discussions with the Government, Blakstad, through his counsel, has informed the Government that he does not intend to offer any advice-of-counsel or reliance-on-counsel defense. The defense has also confirmed that Blakstad will not introduce or offer any privileged material or communications, written or oral. Nevertheless, defense counsel has indicated that Blakstad may seek to offer, in connection with the charged investment fraud, evidence that attorneys drafted certain documents and performed certain work, and that Blakstad paid legal bills. The defense has also noticed at least one attorney as a defense witness and produced attorney invoices from various law firms as Rule 16 material.

An advice-of-counsel defense requires a defendant to show "that he (1) honestly and in good faith sought the advice of counsel; (2) fully and honestly la[id] all the facts before his counsel; and (3) in good faith and honestly follow[ed] counsel's advice, believing it to be correct and intending that his acts be lawful." *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012) (internal quotations omitted). As set forth above, Blakstad has disclaimed any reliance on advice of counsel or reliance on counsel, and the Government does not believe he would have a basis to assert such a defense in light of the requirements for doing so. *See United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989) ("[A] defendant who would rely on an advice-of-counsel defense is required to have disclosed all pertinent information in his possession to his attorney."). Nevertheless, Blakstad's has noticed an attorney as a defense witness and indicated that he may offer evidence of his interaction with lawyers and lawyers' involvement in his investment ventures. Thus, while Blakstad cannot offer evidence that satisfies the advice-of-counsel standard, it appears that he may seek to advance what is sometimes referred to as a "presence-of-counsel" defense.

Hon. Edgardo Ramos  Page 2
June 6, 2021

Courts in this district have rightly approached the presence-of-counsel defense with caution, mindful that it risks injecting irrelevant or prejudicial information into criminal trials. As to the potential prejudice, the presence-of-counsel defense is not materially different from the advice of counsel defense, which "is not an affirmative defense that defeats liability even if the jury accepts the government's allegations as true," but is, instead, evidence that "if believed, can raise a reasonable doubt in the minds of the jurors about whether the government has proved the required element of the offense that the defendant had an unlawful intent." *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017). Because an established body of law, developed under the rubric of the advice of counsel defense, governs when and how criminal defendants are entitled to rely on the involvement of lawyers to negate *mens rea*, courts have been reluctant to endorse a presence-of-counsel defense that would allow a defendant to functionally mount an advice of counsel defense without meeting the required elements.

Thus, for example, in *S.E.C.* v. *Tourre*, 950 F. Supp. 2d 666, 683-84 (S.D.N.Y. 2013), Judge Forrest precluded the defendant from highlighting the fact that a lawyer participated in certain communications and transactions once it was clear that the defendant could not show a valid advice-of-counsel defense. In precluding the defendant from presenting anything short of a proper advice-of-counsel defense, Judge Forrest explained:

> A lay jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly "blessed" the legality of all aspects of a transaction. Likewise, the fact that lawyers saw and commented on disclosure language could be understood as "blessing" the sufficiency of that disclosure. This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.

*Id.*

Apart from the concern of allowing the defendant to benefit from an incomplete advice-of-counsel defense, the presence-of-counsel defense risks injecting irrelevant or confusing evidence into the trial, because the involvement of counsel in a transaction is not probative of the defendant's state of mind if the lawyers were not informed of the relevant facts to a transaction. Judge Rakoff recognized as much in *SEC v. Stoker*, No. 11 Civ. 7388 (JSR) (S.D.N.Y. 2012). In that case, the court took issue with defense counsel's efforts to highlight, through questioning, the fact that attorneys had reviewed certain offering materials that the SEC contended were materially misleading. The Court recognized that "absent evidence that counsel knew either the information that Mr. Stoker allegedly kept secret, at least from outsiders, or knew the information that the SEC claims were distorted misrepresentations, the role of counsel in any of this [was] totally irrelevant." *Stoker*, Dkt. No. 100, 7/23/12 Trial Tr. at 895-96. And, although the defendant proffered an alternative reason for the questioning, the Court recognized that it was in fact an effort to mount a "disguised reliance argument," *id.* at 973, and that, even if the testimony were offered for some other purpose, questioning about the role of attorneys invited "all the dangers of the jury misunderstanding the alleged purpose" of the testimony. *Id.* at 981. Ultimately, the Court gave

Hon. Edgardo Ramos
June 6, 2021

Page 3

the jury a supplemental instruction that this testimony's relevance could be limited based upon what information about the transaction counsel had received. *See Id.* at 969 ("So if counsel have not received all the relevant information, then their signing off on something may or may not be of any relevance to you."); *see also SEC v. Lek Securities Corp.*, No. 17 Civ. 1789 (DLC), 2019 WL 5703944, at *4 (S.D.N.Y. Nov. 5, 2019) ("References to counsel's communications are not relevant in the absence of an advice-of-counsel defense and should be excluded as well pursuant to Rule 403.").

Here, evidence of Blakstad's interaction with lawyers, or the involvement of lawyers in Blakstad's investment venture, may be irrelevant, confuse the issues, and mislead the jury. Moreover, some of Blakstad's interactions with attorneys postdated his solicitation of investors and diversion of investor funds. In those circumstances, Blakstad's interactions with attorneys are entirely irrelevant to the charged investment fraud. Indeed, even where courts have permitted evidence of the presence of counsel, they have recognized that such evidence would be relevant only where the interactions with counsel preceded the illegal conduct. *See United States v. Okun*, No. 08 Cr. 132, 2009 WL 414009, at *7 (E.D. Va. Feb. 18, 2009) ("[E]vidence of the advice of counsel, whether offered in support of a full-fledged advice of counsel defense or as probative of Okun's knowledge of state of mind would be relevant only to those actions which took place after the statements of counsel were made known to the defendant.").

To ensure that evidence of counsel's involvement in the conduct at issue in this case is admissible, Blakstad should be required to provide a detailed factual proffer before he attempts to offer such evidence. As the proponent of this evidence, Blakstad must demonstrate that any evidence concerning the involvement of lawyers is relevant and satisfies the requirements of Rule 403. This would include identifying: (1) which particular interactions and communications with counsel the defense may seek to introduce; (2) why those interactions and communications are relevant; (3) when they occurred; and (4) what information was available to counsel.[1]

If, for example, the interactions or communications occurred after the relevant time period, counsel was unaware of the pertinent facts, or Blakstad took steps to withhold information from counsel, the involvement of a lawyer may be irrelevant. In that case, the presence of lawyers would serve no purpose other than to mislead the jury into believing that a lawyer had "blessed" the defendant's conduct. The invocation of lawyers in that way would be confusing to the jury and highly prejudicial to the Government and should be excluded under both Rules 401 and 403. *See United States v. Michael Hild*, No. 19 Cr. 602 (RA), Tr. at 51-52 (Apr. 9, 2021) (precluding defense from introducing evidence regarding counsel's role and what counsel were paid on the

---

[1] Blakstad should also be required to produce all evidence of upon which he would rely to support a presence-of-counsel defense, irrespective of whether a claim of privilege may attach to that evidence. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (recognizing that a defense based on interactions and communications with lawyers may waive the attorney-client privilege with respect to those dealing); *see also United States v. Tagliaferri*, No. 13 Cr. 115 (RA), Tr. 6/24/2014, at 84-85 (attached) (permitting defendant to offer evidence regarding presence of counsel to establish good faith but finding that such evidence constituted a waiver entitling the Government to discovery).

Hon. Edgardo Ramos  Page 4
June 6, 2021

ground that the relevance theory proffered by the defense put the Government "in a position where they really can't ask any questions that will get at the basis of the knowledge, or lack thereof, that led to counsel").

      Accordingly, the Court should require the Blakstad to identify any such evidence in the first instance and thereby allow the parties and Court to assess its admissibility before it reaches the jury.

                      Respectfully submitted,

                      AUDREY STRAUSS
                      United States Attorney

            By:   /s/
                  Edward A. Imperatore / Jared Lenow
                  Assistant United States Attorneys
                  (212) 637-6327 / 1068

CC:    Counsel of record (via ECF)