

Eugene Iredale
egiredale@iredalelaw.com

**June 7, 2021**

<u>**VIA SDNY CM/ECF**</u>

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

   RE: *United States of America v. Donald Blakstad*
      Case No. 19-cr-486

Your Honor,

  I write in order to address issues raised in the letter to the Court from government counsel submitted on June 6.  In it, the prosecution states that it has decided "in the interest of streamlining, simplifying and shortening" the "investment fraud" case, that it will not introduce evidence or argument related to Energy Sources ("ESI") and Xact Holdings Corporation.  After indicting Mr. Blakstad on these charges a year and a half ago, and after the defense has expended considerable time and effort in order to disprove them, the government informed defense counsel on Wednesday, June 2, 2021 of this last minute change in plans.  The defense has extensively prepared to defend against these charges, which alleged that Mr. Blakstad represented that investments in these entities would be used for the entities, but then "misappropriated" the money for personal expenditures, using investment funds "in substantial part" to pay for credit card bills, hotels, luxury boutiques, etc.  Based on bank statements, checks, witness testimony, correspondence and other documents, Mr. Blakstad was prepared to prove the prosecution charges to be unfounded, i.e. that the money invested was spent on the projects in an amount equal to, or greater than, that provided by investors.  The last-minute nature of the decision, and the return of a new indictment less than a week before trial, is highly problematic and prejudicial to the defense.

  The decision to seek a new indictment is apparently motivated by the prosecution's desire to preclude the defense from proving the falsity of these charges at trial, and to obviate comment on the prosecution's having filed charges that are unfounded.  This is an evidentiary issue which should be addressed at the appropriate time, and in light of matters not currently before the Court.  The prosecution argues that proof of innocence

on two of the three aspects of its "investment fraud" case does not prove defendant's innocence on the third. In the abstract that may be true. But the prosecution fails to inform the Court that there is substantial interrelationship between the three businesses, including common investors who invested in all three, investment advisors and vendors who assisted in two or all three, and additional facts that involve all three. Moreover, the bias of government investigators and witnesses is relevant to the case to show their overreach, the use of improper interview tactics, and the zeal to charge in the absence of thorough investigation.

    I appreciate that it may be strategically canny for the government to try to suppress any mention of what it now decides is not in its interest to litigate. Having made the accusations, maintained them until the eve of trial, and then having decided to dismiss them in order to "streamline" the case, it is not now appropriate for it to seek to suppress any legitimate evidentiary reference to these entities at trial.

    I appreciate Your Honor's attention.

Respectfully,

Eugene G. Iredale