UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

- against –                                              19 Cr. 486 (ER)


DONALD BLAKSTAD,

                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - -- - - --x


## DEFENDANT DONALD BLAKSTAD'S TRIAL MEMORANDUM AND MOTIONS RELEVANT TO SUPERCEDING INDICTMENT

**EUGENE IREDALE**
**Iredale and Yoo, APC**
*Counsel for DONALD BLAKSTAD*
105 West F Street, 4th Floor
San Diego, California 92101
Phone: (619) 233-1525
Fax: (619) 233-3221
Email: egiredale@iredalelaw.com

# I.
## Introdcution

Defendant Blakstad has not yet been arraigned on a second superseding indictment returned six days before trial.  That indictment raises issues which must now be addressed by defendant.

Count one alleges a conspiracy to commit securities fraud with four uncharged co-conspirators designated as CC-1, CC-2, CC-3, and CC-4.  Counts two and three allege substantive counts of security fraud based on the execution of trades on 10 October 2016 and 31 July – 1 August 2017, respectively.  Count four charges a conspiracy to commit wire fraud.  This count incorporates by reference, and is based on the very same evidence, as the conspiracy alleged in count one.  Thus, the securities fraud and wire fraud conspiracy, although based on the same facts, conduct and participants, are alleged as two separate counts.

Count five alleges a single substantive count of wire fraud but sets out a time period between 2016 through 2018 and alleges without particularization as to date, time, document, or participant, the use of "telephone calls, wire transfers, and electronic mail" in furtherance of a scheme to defraud.  Count six charges a conspiracy to commit securities fraud and wire fraud in a *single* count.  Just as with counts one and four, the facts alleged for the violations of the securities and mail statutes are the same.  However, this conspiracy is charged in *one* count as an agreement to violate *two* statutes.  For some reason, the prosecution has chosen to

charge counts one and four, based on the same facts, same participants, and same agreements, as two separate conspiracies.  Count seven alleges a substantive count of wire fraud based on multiples uses of telephone and email.  Count seven incorporates by reference paragraph 59, which alleges one use of the emails and five wire transfers.  Thus, at a minimum, it sets out six separate uses of wires in furtherance of the alleged scheme to defraud.

## II.
## Defendant Moves To Dismiss Count Five And Count Seven As Duplicitous

Duplicity occurs where two or more distinct and separate offenses are joined in a single count.  Under Federal Rule of Criminal Procedure 8(a), separate offenses must be charged in separate counts.  Each use of the wires in furtherance of a scheme to defraud is a separate offense.

The prohibition against duplicitous counts serves multiple purposes, including: (1) providing adequate protection against double jeopardy in a subsequent prosecution; (2) providing adequate notice to the defendant; (3) preventing a conviction produced by a verdict that may not be unanimous as to any one of the crimes charged in a duplicitous count; (4) avoiding a general guilty verdict that might conceal a finding of guilty as to one of the crimes charged in a duplicitous count and not guilty as to the others; (5) a basis for appropriate sentencing; (6) protecting against prejudicial evidentiary rulings at trial; and (7) protecting against limited review on appeal.

Count five alleges the use of telephone calls, wire transfers and electronic mail over a three year period.  It encompasses, without adequate particularization, multiple unspecified uses of the wires over this multi-year period.  It is essentially a blank check, which the prosecution can elect to fill at the end of the trial, without providing adequate notice in advance to defendant of the precise charge, and without allowing the Court to determine if the proof presented is adequate to prove the charge as found by the grand jury.  Because any single use of interstate communication facilities in furtherance of a scheme to defraud is a violation of the statute, this count violates all of the purposes for the prohibition on duplicity.  It should be ordered dismissed.

Count seven of the indictment is duplicitous as well.  It covers a five year period and fails to specify any particular use of the wires.  Even if one reads the incorporation of paragraph 59 as a specification of the precise charge, it sets out six separate uses of the wires, five of which are alleged to have travelled through the Southern District of New York.  It is duplicitous, and should be ordered dismissed.

### III.
### The Inconsistent Treatment Of A Conspiracy To Violate The Securities And Wire Fraud Statutes Between Counts One And Four, And Count Six Requires Dismissal Of Count Six, Or An Election Between Count One And Four.

The prosecution alleges that the same proof establishes a conspiracy to violate the securities laws, and a separate conspiracy to violate the wire fraud statute in Counts one and four.  Despite the *identity* of the allegations, it has

alleged two separate conspiracy counts.  Then, based on the same identity of proof,

it alleges an agreement to commit both wire fraud and securities fraud in Count six,

alleging in a single count the agreement to violate both statutes.

The prosecution must be consistent in its pleading.  Either there is a single

agreement to violate both statutes, which must be alleged in a single count (as with

Count six), or there is some unknown basis to allege *on the same* facts, two

separate conspiracy counts (Counts one and four).

Under these facts, the Court should order dismissal of Count six, or order the

dismissal of either Count one or Count four at the government's election.

## IV.
## The Court Should Exclude Any Expert Testimony For Which The Prosecution Failed To Provide An Adequate And Timely Written Summary Of Testimony.

The prosecution intends to present the testimony of three witnesses whom it

contends may testify to conclusions regarding, *inter alia*, tracing of funds, the

investment of money and gains from trading, and patterns of communication

between various persons.  (See correspondence attached as Exhibit A).  It contends

that none of these witnesses will present "expert" testimony.  Defendant

respectfully disagrees, and requests exclusion of any expert testimony for which

the prosecution has failed to provide an adequate written summary of testimony

sufficiently in advance of trial.

Federal Rules of Criminal Procedure 16(1)(G) provides in relevant part as follows:

> (G) Expert Witnesses. At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under …

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Federal Rule of Evidence 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

As the correspondence illustrates, the parties dispute whether the testimony to be provided is expert testimony.  Mr. Blakstad believes that the testimony to be elicited falls under Rules 702 and 703, and that the cursory statement of the prosecution regarding their testimony is both insufficient and untimely.  It is to be noted that Mr. Hinton is testifying pursuant to a contract which obligates the government to pay up to $163,000.00 for his services in this case.  The prosecution should not be permitted to elicit expert testimony from any witness because of its noncompliance with Rule 16 .

Dated: June 10, 2021                    Respectfully submitted,

                                        */s/ Eugene Iredale*
                                        EUGENE IREDALE
                                        Iredale and Yoo, APC
                                        Counsel for DONALD BLAKSTAD
                                        105 West F Street, 4th Floor
                                        San Diego, California 92101
                                        Phone: (619) 233-1525
                                        Fax: (619) 233-3221
                                        Email: egiredale@iredalelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2021, I electronically filed Defendant's (1) Defendant Donald Blakstad's Trial Memorandum and Motions Relevant to Superceding Indictment; and (2) Exhibit A with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the parties in this case:

Edward Arthur Imperatore, AUSA.

Respectfully submitted,

*/s/ Eugene Iredale*
EUGENE IREDALE
Iredale and Yoo, APC
Counsel for DONALD BLAKSTAD
105 West F Street, 4th Floor
San Diego, California 92101
Phone: (619) 233-1525
Fax: (619) 233-3221
Email: egiredale@iredalelaw.com