

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<i>The Silvio J. Mollo Building<br>
One Saint Andrew's Plaza<br>
New York, New York 10007</i>

June 10, 2021

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007

      Re:    <u>**United States** v. **Donald Blakstad**</u>, S2 19 Cr. 486 (ER)

Dear Judge Ramos:

      The Government respectfully moves *in limine* to preclude the defense from cross-examining two victim witnesses about a prior conviction of one victim witness and other matters that are irrelevant to their credibility, are collateral to the issues relevant at trial, have little or no probative value, and are unfairly prejudicial. The Government has conferred with defense counsel, who has not agreed to limit cross-examination of the victim witnesses on these matters.

    **I.**    **Applicable Law**

      The Federal Rules of Evidence limit the circumstances in which evidence of specific acts of a witness may be introduced into evidence.

    **A.  Rule 609(a)**

      Federal Rule of Evidence 609(a)(1) provides that evidence that a witness has been convicted of a felony offense "shall be admitted, subject to Rule 403." Rule 609(a)(2), in turn, provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Rule 609(a)(2) provides that "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement."

      Rule 609(b), captioned "Time limit," however, expressly bars the use of a conviction that is more than ten years' old to impeach a witness's credibility unless "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." The Second Circuit has repeatedly "recognized that Congress intended that convictions over ten years old be admitted 'very rarely and only in exceptional circumstances.'" *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (quoting S. Rep. No. 1277, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N.

(93 Stat.) 7051, 7062); *see also United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978) (quoting congressional reports and stating that "[t]he House believed that convictions more than ten years old have very little or no probative value").

A district court must base its Rule 609(b) decision on "specific facts and circumstances." *United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998) (quoting Rule 609(b)). The decision must be an "on-the-record determination supported by those facts and circumstances that establish how the probative value of the evidence substantially outweighs its prejudicial effect." *United States v. Mahler*, 579 F.2d at 736. For example, in *Payton*, the Court approved of a district court's decision to permit cross-examination on a 13-year-old conviction where the district court found that (i) the prior conviction was for a false statement crime and therefore had substantial impeachment value, (ii) the witness's credibility was crucial at trial, and (iii) the party seeking to use the conviction to impeach the witness provided ample notice of its intent. *Id.* at 57-58.

Instances in which courts have permitted cross-examination under Rule 609(b) are typically those in which the prior conviction involved crimes of dishonesty or false statements. *See, e.g., Payton*, 159 F.3d at 57-58 (permitting cross-examination on conviction for false sworn statement on government benefits application); *Zinman*, 983 F.2d at 434 (permitting cross-examination on conviction for false statement made to a government agency); *Daniels v. Lozzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (precluding cross-examination on conviction for assault and firearms offenses).

### B. Rules 608(b) and 611

Rule 608(b) provides that "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." The Court "may, on cross-examination, allow [those prior acts] to be inquired into," but only if such acts "are probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b)(1). Any such cross-examination also must satisfy Rule 403—that is, specific instances of a witness's prior conduct may be inquired into on cross-examination only if the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403; *United States v. Sasso*, 59 F.3d 341, 347-48 (2d Cir. 1995). In this context, evidence is unfairly prejudicial if it would invite the jury to decide an issue material to the outcome of the case for reasons that have nothing to do with the factual issues properly before the jury. *See United States v. Harvey*, 991 F.2d 981, 996 (2d Cir. 1993).

Before cross-examining a witness on specific instances of prior conduct pursuant to Rule 608, the questioner must have good-faith basis to believe that the conduct occurred and that it implicated the witness's credibility. *Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996). "Although counsel may explore certain areas of inquiry in a criminal trial without full knowledge of the answer to anticipated questions, he must, when confronted with a demand for an offer of proof, provide some good faith basis for questioning that alleges adverse facts." *United States v. Katsougrakis*, 715 F.2d 769, 779 (2d Cir. 1983).

Furthermore, Rule 611 provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility," and that the Court should "avoid wasting time" and "protect witnesses from harassment or undue embarrassment." It is well settled that "[t]he scope and extent of cross-examination lies within the discretion of the trial judge." *United States* v. *Scarpa*, 913 F.2d 993, 1018 (2d Cir. 1990) (internal quotation marks omitted). As the Supreme Court has explained:

> [T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination [of a prosecution witness] based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. And as we observed earlier this Term, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

*Delaware* v. *Van Arsdall*, 475 U.S. 673, 679 (1986) (internal quotation marks omitted). "As long as a defendant's right to confront the witnesses against him is not violated, limitations on cross-examination are not grounds for reversal," *United States* v. *Roldan-Zapata*, 916 F.2d 795, 806 (2d Cir. 1990), and "[t]he decision of the trial court to restrict cross-examination will not be reversed on appeal unless its broad discretion has been abused," *United States* v. *Maldonado-Rivera*, 922 F.2d 934, 956 (2d Cir. 1990). "A trial judge does not abuse his discretion by curtailing cross-examination as long as the jury has 'sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely in favor of the government.'" *Scarpa*, 913 F.2d at 1018 (quoting *United States* v. *Singh*, 628 F.2d 758, 763 (2d Cir. 1980)).

A. Discussion

1. Victim-2

The Government intends to call a victim witness ("Victim-2") to testify at trial. In or about July 2018, Blakstad solicited and obtained from Victim-2 a six-figure investment in Midcontinental Petroleum, which Blakstad misappropriated in substantial part. Victim-2 lost all of the money he had invested with Blakstad. Victim-2 had no involvement in the Illumina insider trading scheme.

More than ten years prior to his investment, in or about November 2007, Victim-2 was convicted, in U.S. District Court for the Southern District of California, of conspiring to distribute hydrocodone, for which he was sentenced to eight months' imprisonment and three years' supervised release. Victim-2 has completed his term of imprisonment and supervised release. In an interview with the Government, Victim-2 explained that he was involved in obtaining hydrocodone from a supplier and providing it to his roommate for distribution to customers. Victim-2's conviction did not involve any false statements to the law enforcement or the Court, and Victim-2 completed his term of supervised release without issue.

In addition, Victim-2 informed the Government that in or about 2003 or 2004, Victim-2 pled guilty in state court to misdemeanor assault, for which he was fined and sentenced to probation. According to Victim-2, Victim-2 got in a fight while drinking and hit someone in the head with a bottle. Victim-2 also informed the Government that when he was approximately 18 years old and in high school, he was arrested for marijuana possession. According to Victim-2, he was placed in a diversion program, and the arrest was expunged from his record. (Victim-2's misdemeanor assault and marijuana possession do not appear to be reflected on his rap sheet.)

Evidence of Victim-2's conviction should be precluded under Rules 609(a) and 608(b) because it is irrelevant and prejudicial. The strong presumption in Rule 609(b) is that older convictions—those that are more than 10 years old—should not be brought before the jury unless specific, articulable and important reasons support their introduction. The Second Circuit stated in *Zinman*, 983 F.2d at 434, that "exceptional circumstances" are needed for the admission of older convictions to impeach a witness. Therefore, Blakstad as the proponent of the evidence, must carry the burden of demonstrating the admissibility of the evidence. Blakstad cannot do so here for two independent reasons.

First, Blakstad cannot establish that the conviction is "probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b)(1). The drug distribution conviction in question has no probative value whatsoever because it does not bear upon the witness's veracity. *See United States v. Brown*, 606 F. Supp. 2d 306, 319 (E.D.N.Y. 2009) (precluding conviction for drug possession in the third degree (*i.e.* with intent to distribute) on the ground that it "had little bearing on [the witness's] veracity and thus, ranks fairly low on the impeachment value scale"); *Jimenez v. Lilley*, No. 16 Civ. 8545 (AJN), 2018 WL 2768644, at *13 n. 13 (S.D.N.Y. June 6, 2018) (observing that drug conviction would not be presented to jury, "given that under Rule 609, impeachment of a witness's character for truthfulness by evidence of a conviction is government by Rule 403, *see* Fed. R. Evid. 609(a)(1)(A), and the conviction is not probative of his character"). Here, Victim-2's conviction does not involve any false statements or otherwise bear upon his credibility.

Second, Blakstad cannot demonstrate that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect" pursuant to Rule 609(b). Even if there were some probative value to the conviction (and there is not), it certainly does not substantially outweigh its prejudicial effect. Victim-2's narcotics distribution conviction "may be viewed as reflecting poorly on [the witness'] character," and should therefore be precluded under Rule 609(b), because questioning on these subjects would risk "influenc[ing] the jury to a point of distraction from the matter about which [the witnesses are] called on to testify." *United States v. Agostini*, 280 F. Supp. 2d 260, 261 (S.D.N.Y. 2003) (precluding cross-examination on witness's prior arrest for domestic assault on these grounds). The prejudice is compelling here, given that Victim-2 was a victim of Blakstad's investment scheme and lost a substantial portion of his retirement savings through the investment.

Questioning of Victim-2 about the drug dealing activity underlying his conviction would likewise be improper under Rule 608. The conduct at issue is not remotely "probative of the

character for truthfulness or untruthfulness of . . . the witness," and cross-examination on these subjects should therefore be precluded for that reason alone. Fed. R. Evid. 608(b)(1). The same is true of Victim-2's misdemeanor assault conviction and marijuana possession.

### 2. Victim-3

The Government intends to call a victim ("Victim-3") who made a six-figure investment in Midcontinental Petroleum in 2015 along with a business associate. Financial records show that Blakstad misappropriated a substantial portion of that investment. The Government intends to elicit testimony from Victim-3 about the investment and Blakstad's representations to Victim-3 about Midcontinental Petroleum, many of which representations were memorialized in a written offering memorandum received by multiple investors. Victim-3 lost money in the investment. Victim-3 had no involvement in the Illumina insider trading scheme.

In or about 2014, Victim-3 was charged in county court in Utah with a misdemeanor offense relating to a family fishing trip in which a member of his fishing party caught an undersized fish. A criminal history report indicates that Victim-3 pled no contest to taking and possessing protected wildlife, and was required to pay a $190 fine. Victim-3 informed the Government that the charge relating to a fishing trip with his daughter and one of his daughter's friends, during which his daughter's friend caught an undersized fish. Victim-3 informed the Government that he truthfully informed the presiding judge in that case about the circumstances of the offense and agreed to pay the fine. These events have no conceivable bearing on this case, or on Victim-3's credibility. Victim-3's conduct is not remotely "probative of the character for truthfulness or untruthfulness of . . . the witness," and cross-examination on these subjects should therefore be precluded pursuant to Rules 608(b)(1) and 609(a)(2).

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   /s/
Edward A. Imperatore / Jared Lenow
Assistant United States Attorneys
(212) 637-2327 / 1068

CC:   Counsel of record (via ECF)