UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

- against –                                                                   19 Cr. 486 (ER)


DONALD BLAKSTAD,

                             Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - --x

---

### DEFENDANT'S SUPPLEMENTAL SENTENCING SUBMISSION

---

                             **EUGENE IREDALE**
                             **Iredale and Yoo, APC**
                             *Counsel for DONALD BLAKSTAD*
                             105 West F Street, 4th Floor
                             San Diego, California 92101
                             Phone: (619) 233-1525
                             Fax: (619) 233-3221
                             Email: egiredale@iredalelaw.com

**The Prosecution Guideline Analysis is in Error**

The government persists in misreading the Guidelines. Its insistence on applying §2B1.1 enhancements to conduct governed by 2B1.4 contradicts the cross-reference direction in 2B1.1 itself:

§2B1.1 (c) (Cross Reference)

> (1)     If (A) a firearm, destructive device, explosive material, or controlled substance was taken, or the taking of any such item was an object of the offense; or (B) the stolen property received, transported, transferred, transmitted, or possessed was a firearm, destructive device, explosive material, or controlled substance, apply §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy), §2D2.1 (Unlawful Possession; Attempt or Conspiracy), §2K1.3 (Unlawful Receipt, Possession, or Transportation of Explosive Materials; Prohibited Transactions Involving Explosive Materials), or §2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition), as appropriate.
>
> (2)     If the offense involved arson, or property damage by use of explosives, apply §2K1.4 (Arson; Property Damage by Use of Explosives), if the resulting offense level is greater than that determined above.
>
> (3)     If (A) neither subdivision (1) nor (2) of this subsection applies; *(B) the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally (e.g., 18 U.S.C. §*

1

*1001, § 1341, § 1342, or § 1343); and (C) the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline.* (Emphasis added)

The correct application of the Guidelines requires a separate grouping for the insider trading conduct and a second grouping for the investment fraud conduct, with the use of §2B1.4 for the first group, and §2B1.1 for the second.

## II

**The Sentence Sought By The Prosecution is Grossly Disproportionate to Sentences Imposed on Defendants Convicted of Similar Conduct in the Southern District of New York.**

The prosecution asks the Court to impose a disproportionately harsh sentence on Mr. Blakstad. The prosecution's sentencing memorandum almost completely ignores the discussion of sentences imposed in the Southern District in cases similar to this case, attempting to distinguish only one of the many cases cited which involved sentences in cases of similar conduct.

The government ignores the Sentencing Commission data which shows that in the Southern District of New York, the average sentence for insider trading is 15 months, and the median sentence is six months. (See previously submitted Exhibits 6 and 7, attached hereto for ease of reference.) More than seventy-five percent of such sentences are less than two years (Exhibit 7). In the last six years, no sentence of ten years has been imposed on such a case in this district. The prosecution here

2

recommends a sentence which is one year more than the sentence imposed on Mathew Martoma, who engineered the largest single insider trading transaction in history, involving $80.3 million in gains, and $194.6 million in averted losses, for a total sentence calculation of $275 million dollars. *United States v. Martoma* 894 F 3d 64 (2d Cir. 2017). The interests of justice are not well served by such a draconian and disproportionate request.  Martoma was sentenced to 9 years. (Id.)

The prosecution's harshness extends even to quarrelling with a request for a recommendation for RDAP. Contrary to the government's suggestion, the probation office believes that Mr. Blakstad possesses a "significant risk of future substance abuse". (ECF Doc. 163, p. 38 of 43.)

The prosecution dismisses decades of Mr. Blakstad's philanthropy and generosity as "being financially generous with friends, which is easy to do when funded with fraud proceeds." (Doc 167, pp. 20-21 of 35). It ignores evidence of the following, all of which antedates the time period (mid-2015-2018) involved in this case:

1) Annually organizing and funding a Christmas toy drive to donate to an orphanage in Tijuana;
2) Since 2002 making significant contributions to Father Joe's Village, to provide shelter and support for the homeless;
3) Volunteer work for and donation to the Foundation for Animal Care;

3

4) Serving as a major benefactor to Action House Access/Soaring Foundation, which provided home modification to disabled persons throughout San Diego;

5) Making frequent donations to children's sports programs; and

6) Contributing tens of thousands of dollars to a clean water project in Africa.

## Conclusion

The defendant requests that the Court impose a sentence that is proportionate, consistent with sentences in like cases, and that recognizes Mr. Blakstad's medical conditions, previous good conduct, and contributions to others.

Respectfully submitted,

/S/ Eugene Iredale
EUGENE IREDALE
Iredale and Yoo, APC
Counsel for DONALD BLAKSTAD
105 West F Street, 4th Floor
San Diego, California 92101
Phone: (619) 233-1525
Fax: (619) 233-3221
Email: egiredale@iredalelaw.com

## **EXHIBIT LIST**

| **Exhibit 6: Insider Trading Average and Median Sentence Length (SDNY)** |
|---|
| **Exhibit 7: Insider Trading Distribution of Sentence Length (SDNY)** |

# Exhibit 6: Insider Trading Average and Median Sentence Length (SDNY)

## Average and Median Sentence Length
Fiscal Year: 2015,2016,2017,2018,2019,2020



The figure includes the 49 cases reported to the Commission. Cases missing information necessary to complete the analysis were excluded from this figure. Sentences of 470 months or greater (including life) and probation were included in the sentence average computations as 470 months and zero months, respectively. Sentences of probation only are included here as zero months. The information in this figure includes conditions of confinement as described in USSG §5C1.1.

**FILTER:**
Fiscal Year: 2015,2016,2017,2018,2019,2020; Circuit: All; State: All; District: New York, Southern; Race: All; Gender: All; Age: All; Citizenship: All; Education: All; Crime Type: All; Guideline: §2B1.4; Drug Type: All; Sentencing Zone: All; Criminal History: All; Career Offender Status: All

# Exhibit 7: Insider Trading Distribution of Sentence Length (SDNY)

**Distribution of Sentence Length**



The figure includes the 49 cases reported to the Commission. Cases missing information necessary to complete the analysis were excluded from this figure. Sentences of probation only are included here as zero months.

**FILTER:**
Fiscal Year: 2015,2016,2017,2018,2019,2020; Circuit: All; State: All; District: New York, Southern; Race: All; Gender: All; Age: All; Citizenship: All; Education: All; Crime Type: All; Guideline: §2B1.4; Drug Type: All; Sentencing Zone: All; Criminal History: All; Career Offender Status: All