USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ____11|4|2021____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DONALD BLAKSTAD,

                Defendant.

**Order of Restitution**

**S2 19 Cr. 486 (ER)**

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Edward Imperatore and Jared Lenow, Assistant United States Attorneys, of counsel; the presentence report; the Defendant's conviction on Counts One through Seven of the above Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution.** DONALD BLAKSTAD, the Defendant, shall pay restitution in the amount of $669,000 to the victims of the offenses charged in Counts Six and Seven of the Indictment. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims attached hereto. Upon advice of a change of address, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

2. **Apportionment Among Victims.** Restitution shall be paid to the victim(s) identified in the Schedule of Victims, attached hereto, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in the Schedule of Victims.

3. **Schedule of Payments.** Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial

obligations of the Defendant; including obligations to dependents, the Defendant shall pay restitution in the manner and according to the schedule that follows:

a.   In the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).

b.   While serving any term of imprisonment, the Defendant shall make installment payments toward his restitution obligation, and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP).  Pursuant to BOP policy, the BOP may establish a payment plan by evaluating the Defendant's six-month deposit history and subtracting an amount determined by the BOP to be used to maintain contact with family and friends.  The remaining balance may be used to determine a repayment schedule.  BOP staff shall help the Defendant develop a financial plan and shall monitor the inmate's progress in meeting his restitution obligation.  Any unpaid amount remaining upon release from prison will be paid in monthly installment payments of not less than an amount equal to 25 percent of the Defendant's gross monthly income, payable on the first of each month to commence 30 days after the date of the judgment or his release from custody if imprisonment is imposed.

4.   **Payment Instructions.**  The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash.  Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611.  The Defendant shall write his name and the docket number of this case on each check or money order.   Credit card payments must be made in person at the Clerk's Office.  Any cash payments shall be hand delivered to the Clerk's Office using exact change and shall not be

mailed.   For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

5.   **Transfer of Assets.** Defendant shall not transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy any real or personal property with the effect of hindering, delaying, or defrauding the United States or victims. Defendant shall not otherwise dissipate or encumber any property worth more than $25,000 without the prior approval of the United States.

6.   **Identification of Assets.** Within 30 days of this order, Defendant shall specifically identify to the United States all assets held individually or jointly, directly or indirectly, valued at more than $25,000 which have been transferred to any third party since July 1, 2015, including the location of each asset and the identity of the third parties holding such assets, including any trusts and/or business entities. Defendant shall fully cooperate with the United States in the identification and liquidation of assets to be applied toward restitution, including recovery from third parties and/or repatriation from foreign countries. Upon the request of the United States, Defendant shall execute any and all documents necessary to make assets available to satisfy restitution, including transfers of title if needed, and releases or waivers of any and all rights he may have in and to such property, including all exemptions under federal and state law.

7.   **Additional Provisions.** The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).   If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government

3

at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

8. **Restitution Liability**.  In the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

9. **Sealing.** Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims attached hereto shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____          __11/3/2021__
THE HONORABLE EDGARDO RAMOS          DATE
UNITED STATES DISTRICT JUDGE

4