UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                         Plaintiff,

– against –

DONALD BLAKSTAD,

                         Defendant.

**OPINION & ORDER**

19 Cr. 486 (ER)

RAMOS, D.J.:

Before this Court is a post-conviction motion to set aside forfeiture by Defendant Donald Blakstad (Doc. 173 ("Mot.")). For the reasons discussed below, Blakstad's motion is DENIED.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 8, 2021, the Government filed the Second Superseding Indictment (Doc. 108 ("S2 Indictment")), charging Blakstad with seven counts, including conspiracy to commit securities fraud, securities fraud, conspiracy to commit wire fraud, and wire fraud under 18 U.S.C. § 371, 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.l0b-5, 18 U.S.C. § 2, 18 U.S.C. § 1349, and 18 U.S.C. §§ 1343 and 2.

Blakstad was charged with orchestrating two frauds. First, from approximately 2016 through 2018, Blakstad participated in an insider trading scheme through which he obtained material nonpublic information from Illumina Inc. ("Illumina"), a company headquartered in San Diego, California, and traded Illumina securities based on that information. S2 Indictment at ¶¶ 1, 8–9.

Second, Blakstad and a co-conspirator[1] devised and operated a securities offering scheme to fraudulently obtain money from investors. In order to effectuate the scheme, Blakstad caused investors to invest money through materially false representations, including representations made by telephone and email, and subsequently misappropriated a substantial portion of investor funds for his own use. *Id.* at ¶ 55; *see also id.* at ¶ 59.

The S2 Indictment included a forfeiture allegation as to Counts 1 through 7, which stated:

> As a result of committing one or more of the offenses alleged in Counts One through Seven of this Indictment, Donald Blakstad, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

*Id.* at ¶ 62.

Trial started approximately one week after the S2 Indictment was filed, on June 14, 2021, and ended with the jury verdict of guilty on June 28, 2021.

On October 27, 2021, the Government filed a preliminary order of forfeiture and money judgment as an exhibit to its sentencing submission. Doc. 167-1. The proposed forfeiture order stated, in part: "[T]he Government asserts that $4,518,103 in United States currency represents any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Seven of the Indictment that the Defendant personally obtained." *Id.* at 2. It stated further that "the Government seeks a money judgment in the amount of $4,518,103

---

[1] In the S2 Indictment, this individual is referred to as "CC-4."

in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Seven of the Indictment that the Defendant personally obtained." *Id.*

On November 3, 2021, at the sentencing[2], the Court set a briefing schedule for Blakstad's motion contesting forfeiture. On November 11, 2021, Blakstad filed the motion in opposition to an entry of an order of forfeiture. The basis for the motion first arose at trial, when in response to the Court's request that "the government [] provide a clean copy of the indictment" to the jury, the Government asked, "[i]s the Court's thought that we would just remove the forfeiture allegations?" Tr. 924:5–13.[3] The defense argues that they interpreted that statement to mean that the Government was "foregoing its attempt to obtain a forfeiture order by dismissing the forfeiture allegation." Mot. at 1.

In support of his argument that the parties interpreted the Government's "brief and cryptic statement" differently, Blakstad points to the parties' objections and responses in the addendum to the presentence investigation report dated October 5, 2021. Doc. 163. Among the objections submitted to the report, "[d]efense counsel object[ed] to paragraph 115 of the presentence report on the basis that the Government dismissed the forfeiture allegation before its submission to the jury, and therefore it is not applicable." *Id.* at 33. In response, the Government stated that it "advised that the forfeiture allegation was not dismissed, but redacted in superseding Indictment S2, which was forwarded to the jury." *Id.*

---

[2] The Court orally denied Blakstad's three post-trial motions (Docs. 150, 151, and 152), and sentenced Blakstad to a 36-month term of imprisonment on Counts 1 through 7 to run concurrently, supervised release for a term of 3 years on each count to run concurrently, restitution in the amount of $669,000 (Doc. 170), and a special assessment of $700. On November 9, 2021, the Court issued a written opinion denying Blakstad's three post-trial motions. Doc. 171.

[3] References to "Tr." refer to the trial transcript.

3

Blakstad relies on Federal Rule of Criminal Procedure 32.2 to support his position that the forfeiture should be set aside, arguing that Rule 32.2 "required the prosecution to alert the court to the necessity of explicitly addressing the parties to ascertain whether a jury determination of forfeiture was being sought or waived." Mot. at 2. Specifically, Rule 32.2(b)(5)(A) states:

> Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

*Id.* at 3 (quoting Fed. R. Crim. P. 32.2(b)(5)(A)).

Per Rule 32.2, "[t]he prosecution has an obligation to request an inquiry be made to eliminate any ambiguity or misunderstanding" as to "whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." *Id.* at 3–4. Furthermore, Blakstad argues that "[a] single cryptic statement" by the government to notify the defendant of his rights to a jury determination on forfeiture, is insufficient to comply with Rule 32.2, and thus makes forfeiture improper in this case. *Id.* at 2. Moreover, defense counsel explains that they "misconstrued [] government counsel's remarks as a government election to forego seeking an order of forfeiture, in light of the number of counts, length of jury instructions, Mr. Blakstad's lack of funds, and the almost certain uncollectability of any forfeiture judgment." *Id.* at 3.

Finally, Blakstad addresses the parties' statements regarding forfeiture during the sentencing on November 3. Specifically, he points to the Government's alleged assertion that "the 'local practice' was that the deletion of the forfeiture language constituted in effect an agreement by the parties to forego a jury determination on the amount of forfeiture and the nexus to the offense." *Id.* at 2. In response, Blakstad argues that there

4

is no mention of such a practice in the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

In its opposition to the motion, the Government argues that Blakstad misreads the applicable Rule. Opp. Br., Doc. 175, at 1. Specifically, the Government relies on Rule 32.2(b)(1), which states, in part:

> As soon as practicable after a verdict of guilty . . . the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. *If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.*

*Id.* (quoting Fed. R. Crim. P. 32.2(b)(1)(A)) (emphasis in original).

The Government argues that here, where it has not sought to forfeit any specific property and is seeking only a money judgment, Blakstad's motion fails, because "[t]he defendant is not entitled to have the jury decide the amount of the forfeiture." *Id.* (quoting *United States v. Galestro*, No. 06 Cr. 285 (ARR), 2008 WL 2783360, at *11 (E.D.N.Y. July 15, 2008)). "The only determination that must be made when the government seeks a money judgment is the amount that the defendant will be ordered to pay. If the government does not seek specific property, but rather a personal money judgment, the court itself determines the amount of money that the defendant will be ordered to pay." *Id.* (quoting *United States v. Roberts*, 631 F. Supp. 2d 223, 225–26 (E.D.N.Y. 2009) (internal quotation marks and alterations omitted)); *see also Christie v. United States*, No. 13 Civ. 7780 (RWS), 2014 WL 2158432, at *10 (S.D.N.Y. May 23, 2014) ("In this case, the Government sought only a money judgment. As a result, Christie had no right under Rule 32.2 or otherwise to a jury determination of the money

5

judgment, nor did he have a separate right to challenge the government's election to seek a money judgment in lieu of a jury-determined forfeiture of specific property.").

Next, the Government argues that even if Blakstad had a right to a jury determination of the money judgment, he failed to request such a determination pursuant to Rule 32.2(b)(5). Opp. Br. at 2. The Government contends that the Court sought Blakstad's input as to the charge and verdict sheet prior to trial, provided Blakstad the proposed jury instructions and proposed verdict sheet during trial, and conducted a charge conference before summations. *Id.* (citing Tr. 1047:2–5, 1048:2–12, 1048:13–1067:10). The Government argues that because Blakstad never requested a jury determination of forfeiture, the forfeiture allegations were removed from the version of the S2 Indictment provided to the jury, without any objection from Blakstad. *Id.*; *see* Tr. 924:5–16.

Finally, the Government argues that there is no prejudice to Blakstad, nor has Blakstad identified any. Furthermore, the Government alleges that in finding Blakstad guilty of both frauds, he is subject to forfeiture for the amounts he obtained through those frauds. Opp. Br. at 2 (citing Doc. 167 at 10, 23). Thus, the Government requests that the motion be denied and that the Court enter the proposed money judgment in the amount of $4,518,103. *Id.*

## II. FORFEITURE

Under Federal Rule of Criminal Procedure 32.2, "if the Government seeks to forfeit specific property after trial, the defendant and the Government each have the option of requesting that the jury determine whether the specific property is subject to forfeiture." *Christie*, 2014 WL 2158432, at *9 (citing Fed. R. Crim. P. 32.2(b)(5) ("In any case tried before a jury . . . the court must determine . . . whether either party requests

6

that the jury be retained to determine the forfeitability of specific property[.]")). "If the Government seeks a money judgment, however, the Court alone determines the forfeiture amount at sentencing." *Id.* (citing *United States v. Perkins*, 994 F. Supp. 2d 272, 275 (E.D.N.Y. 2014)); *see United States v. Mathieu*, 853 F. App'x 739, 742 (2d Cir. 2021) ("When forfeiture is sought in the form of a personal money judgment, the district court 'must determine the amount of money that the defendant will be ordered to pay.'" (quoting Fed. R. Crim. P. 32.2(b)(l)(A))). "The defendant is not entitled to have the jury decide the amount of the money judgment." *Christie*, 2014 WL 2158432, at *9 (citing *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005)). In other words, where the Government seeks only a money judgment, the defendant has "no right under Rule 32.2 or otherwise to a jury determination of the money judgment, nor [does] he have a separate right to challenge the government's election to seek a money judgment in lieu of a jury-determined forfeiture of specific property." *Id.* at *10.

Here, the Government's proposed forfeiture order stated, in part: "[T]he Government seeks a money judgment in the amount of $4,518,103 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Seven of the Indictment that the Defendant personally obtained." Doc. 167-1 at 2.[4]

Thus, as in *Christie*, where the Government seeks forfeiture in the form of a money judgment, "the Court alone determines the forfeiture amount at sentencing." *Christie*, 2014 WL 2158432, at *9. Furthermore, Blakstad has "no right under Rule 32.2

---

[4] Blakstad does not appear to cite any case law with respect to his related contention that the defense believed that the Government's statement at trial regarding forfeiture meant that the Government was "foregoing its attempt to obtain a forfeiture order by dismissing the forfeiture allegation." Mot. at 1. The Court does not find this argument convincing.

or otherwise to a jury determination of the money judgment, nor [does] he have a separate right to challenge the [G]overnment's election to seek a money judgment in lieu of a jury-determined forfeiture of specific property." *Id.* at *10; *see United States v. Pierce*, No. 12 Cr. 340 (VSB), 2021 WL 3722743 (S.D.N.Y. Aug. 23, 2021) (noting that the Second Circuit rejected defendant's appellate arguments that she should have been allowed to submit the amount of her forfeiture obligation to the jury where the government sought a money judgment).

### III. CONCLUSION

For the reasons set forth above, Blakstad's motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 173.

It is SO ORDERED.

Dated: November 19, 2021
        New York, New York

                                                            EDGARDO RAMOS, U.S.D.J.