UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

DONALD BLAKSTAD,

                Defendant.

**OPINION & ORDER**

19 Cr. 486 (ER)

RAMOS, D.J.:

Before the Court is the post-conviction motion of Defendant Donald Blakstad for bail pending appeal (Doc. 180 ("Mot.")). For the reasons discussed below, Blakstad's motion is DENIED.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 8, 2021, the Government filed the Second Superseding Indictment (Doc. 108 ("S2 Indictment")), charging Blakstad with seven counts, including conspiracy to commit securities fraud, securities fraud, conspiracy to commit wire fraud, and wire fraud under 18 U.S.C. § 371, 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.l0b-5, 18 U.S.C. § 2, 18 U.S.C. § 1349, and 18 U.S.C. §§ 1343 and 2.

Blakstad was charged with orchestrating two frauds. First, from approximately 2016 through 2018, Blakstad participated in an insider trading scheme through which he obtained material nonpublic information from Martha Patricia Bustos, an accountant at Illumina Inc. ("Illumina"), a company headquartered in San Diego, California, and traded Illumina securities based on that information. S2 Indictment at ¶¶ 1, 8–9.

Second, Blakstad and a co-conspirator[1] devised and operated a securities offering scheme to fraudulently obtain money from investors. In order to effectuate the scheme, Blakstad caused investors to invest money through materially false representations, including representations made by telephone and email, and subsequently misappropriated a substantial portion of investor funds for his own use. *Id.* at ¶ 55; *see also id.* at ¶ 59.

Trial started approximately one week after the S2 Indictment was filed, on June 14, 2021, and ended with the jury verdict of guilty on June 28, 2021. On November 3, the Court orally denied Blakstad's renewed motion for acquittal on Count 6 of the S2 Indictment, motion for new trial, and motion to dismiss Counts 6 and 7.[2] Also on November 3, the Court sentenced Blakstad to a 36-month term of imprisonment on Counts 1 through 7, to run concurrently, followed by a three-year term of supervised release on all counts, to run concurrently. Doc. 172. On November 17, Blakstad filed a notice of appeal. Doc. 176.

On December 15, Blakstad filed this motion, requesting that he be permitted to remain on bail during the pendency of his appeal.[3] *See* Mot.

---

[1] In the S2 Indictment, this individual is referred to as "CC-4."

[2] On November 9, the Court issued an Opinion & Order memorializing its earlier determination (Doc. 171 (the "November 9 Order")).

[3] Blakstad's bail package was set by the Magistrate Judge Debra C. Freeman on August 8, 2019 and included a $250,000 personal recognizance bond secured by three financially responsible individuals and $20,000 in cash. Doc. 12. The bail package additionally restricted Blakstad's travel to the Southern District of California and the Southern and Eastern Districts of New York. *Id.* On November 18, 2019, the Court modified Blakstad's conditions of release to include travel to all of the state of California for business and to the state of Nevada to visit his mother. Doc. 25. On August 19, 2020, the Court modified Blakstad's conditions of release as follows: his $250,000 personal recognizance bond was to be secured by $5,000 in cash and the surety of the three financially responsible individuals previously identified on August 8, 2019. Doc. 77.

## II.   DISCUSSION

### A.   Legal Standard

Under the Bail Reform Act of 1984, a district court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" be detained unless the judicial officer finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal [or] (ii) an order for a new trial." 18 U.S.C. § 3143(b). The relevant statutory guidance "establishes a presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004); *see United States v. Randell*, 761 F.2d 122, 124 (2d Cir. 1985) ("Congress intended section 3143 to reverse the then prevailing presumption in favor of post-conviction bail . . . .").

In addition to determining that the person is unlikely to flee or pose a danger to the community and that the appeal is not for the purpose of delay, the Court must employ a two-step analysis to determine whether bail pending appeal is warranted. *United States v. Percoco*, No. 16 Cr. 776 (VEC), 2019 WL 493962, at *4 (S.D.N.Y. Feb. 8, 2019) (citing *Randell*, 761 F.2d at 124–25). First, the Court must determine whether the appeal raises a "substantial question of law or fact." *Id.* (quoting *Randell*, 761 F.2d at 124). A "substantial question" is "a 'close' question or one that very well could be decided the other way." *Randell*, 761 F.2d at 125 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Second, "[i]f a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of

the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). In addition, the defendant must show that the question, if resolved in his favor, would result in reversal or an order for a new trial "on all of the counts" for which he has been sentenced to a term of imprisonment. *Id.* at 126. As to both steps, "the burden of persuasion rests on the defendant." *Id.* at 125.

### B. Discussion

#### i. Blakstad Is Not Likely to Flee or Pose A Danger to the Community

Defense counsel argues that Blakstad does not pose a risk of flight or danger to the community. Mot. at 3. In support of this allegation, defense counsel points to the fact that Blakstad is 62 years old with serious health issues, was convicted of a non-violent crime, has strong ties to the community, has complied with the terms and conditions of his pretrial release, and has promptly attended hearings before this Court. *Id.*; *see also id.* at 4–6. Defense counsel further contends that Blakstad's initial bail package releasing him on a secured recognizance bond (Doc. 12), the presentence investigation report's recommendation that he was a candidate for voluntary surrender (Doc. 163 at 42), and the Court's decision not to change the pretrial bail conditions after the jury's guilty verdict (Tr. 1721:16–24[4]) were contingent on the proposition that Blakstad is not a flight risk or a danger to the community. Mot. at 3–4.

The Government does not dispute this point in its opposition. Therefore, it has arguably waived its right to challenge Blakstad's argument that he is not a flight risk or a

---

[4] References to "Tr." refer to the trial transcript.

4

danger to the community. *See United States v. Mendlowitz*, No. 17 Cr. 248 (VSB), 2021 WL 4892860, at *4 (S.D.N.Y. Oct. 20, 2021) (collecting cases). Accordingly, the Court finds that Blakstad is not likely to flee or pose a danger to the safety of any other person or the community if allowed to remain on bail.

### ii. The Appeal Is Not for Purpose of Delay

Defense counsel argues that Blakstad's appeal is not a delay tactic. In support of this allegation, defense counsel contends that not only has Blakstad never demonstrated a pattern of dilatory conduct in this case, but he also timely filed the notice of appeal and intends to raise "serious challenges" to the conviction. Mot. at 6.

Again, the Government does not dispute this point in its opposition. Accordingly, the Court finds that Blakstad's appeal is not for the purpose of delay.

### iii. The Appeal Does Not Raise Substantial Questions of Law or Fact

Defense counsel argues that Blakstad raises the following substantial questions on appeal: (1) whether Blakstad was unfairly prejudiced by the Government's alleged failure to provide timely discovery of Paul Hinton's testimony, and whether Hinton was an expert witness pursuant to Federal Rule of Evidence 702; (2) whether Blakstad was prejudiced by the Government's use of allegedly misleading testimony from Hinton related to White Sands and Matthew Tucci; (3) whether the Government constructively amended the S2 Indictment, and (4) whether the Government's closing argument asserting that Blakstad lied during his testimony constituted prosecutorial misconduct.[5]

---

[5] The facts underlying this motion are described in detail in this Court's November 9 Order denying Blakstad's renewed motion for acquittal on Count 6 of the S2 Indictment, motion for new trial, and motion to dismiss Counts 6 and 7, familiarity with which is assumed, and will not be repeated here.

5

*Id.*; *see also id.* at 8–10.  Defense counsel contends that these are serious claims and significant issues of law or fact.  *Id.* at 7.

In opposition, the Government argues that Blakstad does not attempt to satisfy the applicable legal standard for bail pending appeal.  Doc. 182 ("Opp.") at 7, 9, 11, 14.  The Government contends that Blakstad's arguments with respect to each of the four questions fail for the reasons stated in its opposition to his motion for a new trial and the Court's November 9, 2021 Opinion & Order denying his motion (Doc. 171 (the "November 9 Order")).  Opp. at 7–12, 15–16 (citing Doc. 157 at 14–29; November 9 Order at 12–14, 17, 20–25, 27).  The Government further argues that Blakstad offers no basis to challenge the Court's previous conclusions.  *Id.* at 6, 8, 9, 11, 12, 13, 16.

Each of the issues raised by Blakstad in this motion was presented in his motion for a new trial and addressed by the Court in its November 9 Order denying that motion. As the Court already considered the merits of his arguments for which he claims there are substantial questions that entitle him to bail pending appeal, it need not restate its rationales, which were based on well-settled precedent, in full.  *See, e.g.*, *United States v. Tagliaferro*, No. 19 Cr. 472 (PAC), 2021 WL 5983126, at *2 (S.D.N.Y. Dec. 17, 2021); *Mendlowitz*, 2021 WL 4892860, at *4 (finding that there were no close questions where the defendant, without identifying any new or material reasons, raised the same arguments the court rejected in its ruling on his post-trial motion for a new trial).  The Court sets forth here the portion of its analysis relevant to whether each issue constitutes a substantial question.

*First*, with respect to Hinton's testimony, the Court found that Hinton's testimony about the results of the "last in, first out" tracing methodology, which involved an

6

analysis of voluminous records to determine the flow of money moving into and out of Blakstad's accounts, was proper summary witness testimony pursuant to Rule 1006, as opposed to expert testimony under Rule 702. *See* November 9 Order at 12–14; *see also* Tr. 834:3–7, 834:23–24, 835:2–6, 835:11–13. The Court held that "Hinton's testimony was not contingent on his scientific, technical, or other specialized knowledge, nor did Hinton use such specialized knowledge to help the jury to understand the evidence or to determine a fact in issue, as required of expert witnesses pursuant to Rule 702." November 9 Order at 13 (citing *United States v. Cuti*, 720 F.3d 453, 459 (2d Cir. 2013); *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007)). Moreover, the Court noted that "even if Hinton's testimony qualified as expert testimony, there was no manifest injustice to Blakstad as a result of a lack of Rule 16 disclosure" in light of the Government's previous disclosures and discovery, which contained substantially similar information as Hinton's final summary charts. *Id.* at 14.

*Second*, with respect to evidence concerning Tucci's investment,[6] specifically Hinton's testimony allegedly mischaracterizing Tucci as an investor, the Court held that there was arguably no perjury, because "Hinton testified that he treated Tucci as an investor for purposes of his analysis, as this was an assumption provided to him by the Government." *Id.* at 17. Furthermore, the Court found that even if Hinton had testified to the fact that Tucci was an investor, this was not clearly false in light of defense counsel's cross-examination of Hinton and Blakstad's testimony regarding Tucci's loan and whether he was an investor. *Id.* Moreover, even assuming that the Government had

---

[6] White Sands and its owner, Tucci, are referred to herein as "Tucci," as the parties use the terms interchangeably in their briefing.

allowed Hinton to testify perjuriously, the alleged perjury was not material, nor was Tucci the sole or essential source of evidence concerning Blakstad's investment fraud scheme, in light of (1) evidence related to the other investors, (2) defense counsel's cross-examination of Hinton and summation arguments as to the mischaracterization of Tucci (*see, e.g.*, Tr. 1630:23–1633:17, 1645:9–1647:23), (3) Blakstad's testimony about Tucci (*see, e.g.*, *id.* at Tr. 1433:20–1435:8), and (4) the promissory note between Tucci and Blakstad (*see id.* at Tr. 1434:18–1435:8). November 9 Order at 16–17 (citing *United States v. Spinelli*, 551 F.3d 159, 166 (2d Cir. 2008); *Fernandez v. Capra*, 916 F.3d 215, 224 (2d Cir. 2019); *United States v. Stewart*, 433 F.3d 273, 300 (2d Cir. 2006)).

*Third*, with respect to the alleged constructive amendment of the S2 Indictment, in its November 9 Order and prior thereto, the Court rejected defense counsel's argument. *Id.* at 20–21; *see also* Tr. 1462:24–1463:7. The Court found that "Blakstad's misrepresentations to investors regarding where investor funds would be held and how such funds would be utilized, as shown at trial, were the very same misrepresentations alleged in both the S1 and S2 Indictments." November 9 Order at 21 (citing *United States v. Vilar*, 729 F.3d 62, 81 (2d Cir. 2013); *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003)). Both the S1 and S2 Indictments and the evidence shown at trial shared a "core of criminality" – that Blakstad devised and operated a scheme to fraudulently obtain investment funds through misrepresentations about the company at issue and misused the funds. *Id.* (citing *Rigas*, 490 F.3d at 228; *United States v. D'Amelio*, 683 F.3d 412, 419–22 (2d Cir. 2012)).

*Fourth*, with respect to the remarks in the Government's summation that Blakstad lied during his testimony, recognizing that Blakstad did not object to the Government's

8

Case 1:19-cr-00486-ER   Document 186   Filed 01/06/22   Page 9 of 11

arguments at trial, the Court found that they did not constitute plain error.[7] *Id.* at 23–28 (citing *United States v. Williams*, 642 F. App'x 12, 16 (2d Cir. 2016); *United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012)). The Court held that "where Blakstad's credibility was clearly at issue as a result of his testimony, the Government's use of the words 'lie' and 'lied' were permissible." *Id.* at 24–25 (citing *United States v. Ngono*, 801 F. App'x 19, 25 (2d Cir. 2020); *United States v. Coriaty*, 300 F.3d 244, 255 (2d Cir. 2002)). The Court found that, even if these statements were improper, it is highly unlikely that these assertions were "plain error" amounting to "flagrant abuse," in light of the testimony from the investors, Bustos' testimony, and the financial records and communications related to Illumina's earnings announcements. *Id.* at 25–26 (citing *Williams*, 642 F. App'x at 16; Tr. 1568:6–1574:1, 1608:21–1611:11, 1688:3–1689:21). Furthermore, the Court held that "[t]he Government's statements about defense counsel's awareness that Blakstad's story was a fabrication and could not be relied on are improper, because they tend to suggest to the jury that the defense counsel was aware of facts not in evidence." *Id.* at 27 (citing *United States v. Buell*, 229 F.3d 1136 (2d Cir. 2000)); *see also id.* at 26–27 (citing *Williams*, 690 F.3d at 75–76; *Williams*, 642 F. App'x at 16). Nonetheless, the Court found that in the context of the entire summation, these assertions did not constitute "plain error" amounting to "flagrant abuse," in light of the testimony from Bustos and Blakstad, and records of trading activity and communications. *Id.* at 27.

---

[7] As the Government notes, Blakstad does not specify the remarks he intends to challenge on appeal. Doc. 182 at 14. For the purposes of this motion, the Court considers the Government's statements challenged in Blakstad's motion for a new trial and addressed in the Court's November 9 Order. *See* November 9 Order at 24, 26.

9

For the reasons set forth above and further described in the November 9 Order, Blakstad has failed to raise substantial questions of law or fact. Therefore, his arguments do not present the sort of close questions that warrant bail pending appeal.

> iv. **If Allegedly Substantial Questions Are Determined Favorably to Blakstad On Appeal, Whether That Decision Is Likely to Result in Reversal or An Order for A New Trial**

Defense counsel argues that if these questions are resolved in Blakstad's favor, the appeal would result in reversal or an order for a new trial. Mot. at 6–7; *see also id.* at 10. Defense counsel does not support this allegation other than stating that if the Government knowingly introduced false testimony regarding White Sands and Tucci, reversal is "virtually automatic," and that the Government's assertion that Blakstad lied while testifying at trial was plain error. *Id.* at 9, 10.

The Government contends that Blakstad's claims will be subject to harmless error analysis on appeal. Opp. at 9, 10; *see also id.* at 6 ("[I]n light of the deferential standard of review applicable to all of his claims, Blakstad's motion for bail pending appeal must be denied"). Again, the Government argues that he does not attempt to satisfy the applicable legal standard. *Id.* at 6. Moreover, the Government notes that Blakstad does not dispute that his arguments regarding the securities offering scheme have no bearing on the jury's guilty verdict on Counts 1 through 5, which pertain to the insider trading scheme. *Id.* at 11 n.1, 13 n.2.

Because the Court finds that this appeal fails to raise a substantial question of law or fact, it need not address whether Blakstad's success on appeal would likely result in reversal or an order for a new trial on all counts for which imprisonment has been imposed. *See, e.g.*, *Tagliaferro*, 2021 WL 5983126, at *2 n.4; *United States v. Kramrish*,

No. 11 Cr. 120 (TPG), 2014 WL 502072, at *4 (S.D.N.Y. Feb. 7, 2014); *United States v. Newman*, No. 12 Cr. 121 (RJS), 2013 WL 1943342, at *3 (S.D.N.Y. May 7, 2013).

### III.   CONCLUSION

For the reasons set forth above, Blakstad's motion is DENIED. Blakstad is instructed to surrender at the correctional facility to which he is designated on February 4, 2022. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 180.

It is SO ORDERED.

Dated:   January 6, 2022
         New York, New York

                                                          _____
                                                          EDGARDO RAMOS, U.S.D.J.